# CARLISLE, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY.

### Division One, May 21, 1902.

1. **New Liability:** REMEDY: FORUM. When an act creates a new liability or gives a right of action, and at the same time prescribes the means by which, and the court in which, the right is to be enforced, resort can not be had to any other means or court than that prescribed.

2. **Railroads:** OVERCHARGES: INTERSTATE COMMERCE ACT: FORUM. A shipper can not sue in a state court to recover damages from a railroad for charging him rates for cars in excess of those permitted by the Interstate Commerce Act. The act itself provides another forum for the recovery of such overcharges.

3. **Appellate Jurisdiction:** FEDERAL QUESTION: INTERSTATE COMMERCE ACT: OVERCHARGES. A suit for damages for overcharges for cars used in shipping cattle, based on an averment that the rates prescribed by the Interstate Commerce Act were exceeded by a railroad when it charged for three narrow-gauged cars at the usual rate charged for two broad-gauged cars, does not so draw in question the validity of such act as to give the Supreme Court jurisdiction of the appeal.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*I. N. Watson* for appellant.

*Elijah Robinson* for respondent.

ROBINSON, J.—This is an action by plaintiff, a shipper of cattle, against the Missouri Pacific Railroad Company, to recover alleged overcharges on seven shipments of cattle from Chama, New Mexico, to Missouri river points, and to Hutchinson, Kansas. Three of plaintiff's shipments were to Hutchinson, Kansas, three to Kansas City, Missouri, and one to Irwin, Missouri. Chama, New Mexico, the point from which plaintiff shipped his cattle, is on a branch of the Denver & Rio Grande railroad, which is a narrow-gauge road, and connects at Pueblo, Colorado, with the Missouri Pacific, a broad-gauge railroad, over which the cattle of plaintiff were re-shipped from Pueblo to their points of destination. Plaintiff claims that under the provisions of a joint tariff schedule made and published by the defendant and the Denver & Rio Grande Railway Company, in pursuance of the requirements of the Interstate Commerce Act, he was entitled to a rate of $90 per car, on a broad-gauge car of standard length (thirty feet) or $99 per car on car of thirty-six feet length, on all shipments made by him from Chama to Kansas City and Irwin; and that all charges made thereon should have been computed on the basis of the actual number of broad-gauge cars used in transporting the cattle from Pueblo to the points of destination on the defendant's road in Missouri, or upon the basis of the actual relation, the narrow-gauge cars used in the shipment from Chama to Pueblo, bore to the broad-gauge cars of standard length used on the defendant's road from Pueblo to Kansas City and Irwin.

The complaint as to the three shipments to Hutchinson, Kansas, grew out of what plaintiff claimed to be the violation of a contract made by him with the railroad company, for what is called in railroad and shippers parlance, a "feed in transit rate." As the issue of fact, upon this charge, was found by the trial court against plaintiff, and as no improper application of the law to the facts as developed is suggested by appellant, there is nothing on this appeal to consider upon that branch of his case. The sole remaining error suggested by appellant against the action of the trial court is the giving of the following instruction at the instance of defendant, numbered eleven, which reads:

"11. The court declares the law to be that if the standard-gauge cars were not and could not be used on the Denver & Rio Grande railroad at the time of the shipment made by the plaintiff from Chama on said railway, said company charged all other shippers under like conditions at the rate of three narrow-gauge cars to two standard-gauge cars, and if the plaintiff was notified of that fact and the correspondence read in evidence took place between him and the general freight agent, Wells, of the said Denver & Rio Grande Railway Company, then the plaintiff is not entitled to recover anything from this defendant on account of said rate of "three to two" charged by said Denver & Rio Grande Railway Company."

The alleged overcharge on the three Kansas City shipments and the one to Irwin, results solely from what plaintiff characterized an unwarranted rule, made and enforced by the Denver & Rio Grande Railway Company, on all shipments made from points on its Chama branch (including those made by plaintiff) to all points east over broad-gauge roads, whereby it allowed its shippers over that branch of its road, the use of only three narrow-gauge cars for two broad-gauge cars of the standard length of thirty feet, used on the broad-gauge road to further prosecute the undertaking of carrying

the stock forward from the Pueblo terminus of its road to the ultimate point of destination east. This rule, so far as the evidence shows, has always prevailed, as to shipments from Chama east, and with the rule, plaintiff was perfectly familiar, and was informed that it would be enforced against him on the shipments which he at that time was arranging to make, and which afterwards was made, and the computing of charges, upon all shipments originating on its road for points east of Pueblo, upon that basis.

It is plaintiff's contention that this rule of the Denver & Rio Grande Railway Company fixing the ratio, that three narrow-gauge cars shall equal two broad-gauge cars of the standard length (thirty feet) for computing charges on shipments from Chama, New Mexico, to Kansas City and Irwin, had the effect of making its charges upon all the shipments made by him greater than the published tariff rate of ninety dollars per standard car, made and established by the two railroad companies, on shipments between the designated points of shipments in this instance, and second, "that if this is so, the rule violates the Interstate Commerce Act, and is therefore unlawful, and if unlawful, then it can not avail defendant in this action, and, therefore, instruction numbered eleven, given at defendant's instance, which recognizes the correctness of the rule, is erroneous."

Conceding it to be true, as claimed by appellant, that the mode of computing the freight charges under the rule adopted by the Denver & Rio Grande Railway Company, shows that a charge greater would result and was actually made against him on shipments in question, than would have resulted if the charges had been computed upon the basis of the actual number of cars used by the Missouri Pacific Railway Company, in taking the cattle forward from Pueblo to Kansas City and Irwin, at the published schedule rate of ninety dollars per car of standard length or ninety-nine dollars per car for the cars used, that were thirty-six feet long; and further

conceding the fact to be that the actual floor space of three narrow-gauge cars are not equal to the floor space of two broad-gauge cars of the standard length (thirty feet), plaintiff is in no attitude to complain of the rule.

Whether the rule for computing charges made on all shipments over the Chama branch of the Denver & Rio Grande Railway Company to points on broad-gauge roads with which it connects, was violative of the Interstate Commerce Act or not; and if so, whether the plaintiff was injured by reason of an enforcement of that rule against him on the shipments in controversy, are not questions that should properly have been considered in this character of an action, begun as this was in one of our State courts for an alleged overcharge growing out of a shipment made under a definite and well-understood agreement between plaintiff and the Denver & Rio Grande Railway Company. The right to sue for damages for overcharges, or for any character of damages growing out of the violation of the Interstate Commerce Act, is exclusive in the courts of the United States by the terms of the act creating the liability. Section 9 of the Interstate Commerce Act of 1887 provides as follows: "That any person or persons claiming to be damaged by any common carrier, subject to the provisions of this act may either make complaint to the commission, as hereinafter provided, or may bring suit in his or their behalf for the recovery of damages for which such common carriers may be liable under the provisions of this act, in any district court or circuit court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both such remedies and must in each case elect which one of the two modes of procedure herein provided for he or they will adopt," etc.

When an act creates a new liability, or gives a right of action, and at the same time prescribes the means by which, or the court in which, the right is to be enforced, resort can not be had to any other means, or court, than that prescribed.

If this three-to-two rule made and enforced by the Denver & Rio Grande Railway Company is violative of the Interstate Commerce Act, and plaintiff has been injured on account of such fact, that could be of no avail to him in this character of action, in a State court.

Plaintiff's action, however, is not for damages for overcharges made in violation of the provisions of the Interstate Commerce Act; but is for damages alleged to have resulted from overcharges in seven contracts of shipment, which he claims were made between himself and the Denver & Rio Grande Railway Company. The contract price to be charged for the shipments, it is true, is alleged to have been the same as that published in the joint tariff schedule of the Denver & Rio Grande Railway Company and the defendant Missouri Pacific Railway Company, issued in conformity to the requirements of the Interstate Commerce Act.

But, however the action may be considered, it is certain that the validity of the Interstate Commerce Act is in no way drawn in question in this proceeding by either party thereto so as to authorize this court's assertion of jurisdiction of a cause otherwise confessedly determinable alone in the Kansas City Court of Appeals. Having no appellate jurisdiction in the case, because of the absence of a challenge of the validity of some Federal statute invoked in its consideration, the case is ordered transferred to the Kansas City Court of Appeals to be proceeded with in that court to final determination. All concur.