## ALPHA PETROLEUM CO. v. TERRELL et al.
### Motion No. 10608; No. 6363.

Supreme Court of Texas.
·Feb. 17, 1933.

For former opinion, see 59 S.W.(2d) 364, which affirmed (Tex. Civ. App.) 54 S.W.(2d) 821.

James V. Allred, Atty. Gen., and Maurice Cheek, Asst. Atty. Gen., for respondents O. V. Terrell and others.

PER CURIAM.

On February 13, 1933, in the above-numbered and entitled cause, this court adopted the opinion of Section A of the Commission of Appeals and entered the judgment therein recommended, 59 S.W.(2d) 364. The judgment as entered by this court affirmed the judgment of the Court of Civil Appeals [54 S. W.(2d) 821], which reversed the judgment of the district court, and dissolved the temporary injunction granted by such district court. The judgment of this court also set aside, vacated, and annulled all orders and writs heretofore entered by this court.

Since this adoption of the above opinion, it has been discovered that rule 24, as set out in said opinion, was erroneously quoted. The rule should have been quoted as follows:

"Rule 24. Effective at 7 o'clock A. M., September 24, 1932, the amount of oil which each well in said field shall be permitted to produce daily shall be reckoned upon a combined acreage and per well basis as follows: Each and every well in said field shall be permitted to produce forty (40) barrels of oil per day and in addition thereto shall be allowed to produce the amount shown in the following table, column two (2) conforming to the acreage allotted to each well. No allowable production based on acreage will be granted on acreage units in excess of 20 acres per well. No well in the field shall be given a daily allowable in excess of two hundred and forty (240) barrels regardless of acreage it drains.

| Acreage | Acreage Allowable per Acre Day | Well Allowable per Day | Total Daily Allowables |
|---|---|---|---|
| 20 | 10 | 40 | 240 |
| 19 | 10 | 40 | 230 |
| 18 | 10 | 40 | 220 |
| 17 | 10 | 40 | 210 |
| 16 | 10 | 40 | 200 |
| 15 | 10 | 40 | 190 |
| 14 | 10 · | 40 | 180 |
| 13 | 10 | 40 | 170 |
| 12 | 10 | 40 | 160 |
| 11 | 10 | 40 | 150 |
| 10 | 9 | 40 | 130 |
| 9 | 9 | 40 | 121 |
| 8 | 9 | 40 | 112 |
| 7 | 9 | 40 | 103 |
| 6 | 9 | 40 | 94 |
| 5 | 9 | 40 | 85 |
| 4 | 9 | 40 | 76 |
| 3 | 9 | 40 | 67 |
| 2 | 9 | 40 | 58 |
| 1 | 9 | 40 | 49" |

The mistake is immaterial; but the opinion is by special request of the Commission hereby corrected as above indicated. In all other respects the opinion stands as originally written.

Since the rendition of the judgment recommended by the Commission in the above opinion, the Attorney General has presented to this court a motion wherein he states that the Alpha Petroleum Company has completed certain' new wells in the field covered by the above rule since this suit was filed in the district court, and is producing oil from the said wells and its other wells in said field far in excess of the proration rules and orders of the Commission.

The Attorney General then prays that this court enter an order restraining the Alpha

Petroleum Company from producing from any of its wells an amount of oil in excess of the allowable fixed by the orders and rules of the Railroad Commission, and, in the alternative, the Attorney General prays that this court enter an order permitting him to institute suit for an injunction in the district court of Travis county, Tex., to restrain the Alpha Petroleum Company from overproducing in violation of the proration orders of the Commission.

It seems from the record in this case that, during the pendency of this suit in this court, the Attorney General instituted some character of suit in the district court of Travis county, Tex.; to enjoin Alpha Petroleum Company from violating the proration orders of the Commission, and this court entered an order prohibiting the further prosecution of that suit, and prohibiting the enforcement of any order theretofore entered in such suit, until and pending, the final determination of the suit. The principal issue in the case was whether or not exclusive jurisdiction over the subject-matter lies in a district court of Travis county.

■ We are of the opinion that, when the Court of Civil Appeals at Beaumont entered its final order and decree dissolving the temporary injunction granted in this cause by the district court of Montgomery county, Tex., such order and decree of dissolution so entered by the Court of Civil Appeals became effective at once, and therefore no injunction has been in effect protecting the Alpha Petroleum Company from the proration orders of the Commission since the date of the dissolution thereof by the Court of Civil Appeals. Duncan v. Boyd (Tex. Civ. App.) 288 S. W. 281. This question is ably discussed by Judge McClendon in the Duncan Case, supra, and no good purpose can be served by further discussion here. Furthermore, under the opinion of the Commission, which has been adopted by us, the injunction issued by the district court of Montgomery county in this cause was void in its incipiency for want of jurisdiction in that court.

■ The order of this court prohibiting the Attorney General from proceeding with his case in the district court of Travis county was expressly annulled and vacated by this court by its judgment of February 13, 1933, and is now no longer in force. The fact that the Alpha Petroleum Company still has a right to file a motion for rehearing in this cause does not have effect to keep alive the temporary restraining orders that have heretofore issued, but which the court has since annulled and vacated.

It appears from what we have said that there exists no necessity for this court to grant any of the relief sought by the Attorney General in the motion under consideration. The motion is therefore in all things overruled.

It is not intended by this opinion to intimate that we would grant the relief prayed for by the Attorney General if a necessity existed. It is not necessary for us to pass on that question.