## RAILROAD COMMISSION OF TEXAS et al. v. BEAVER RECLAMATION OIL CO.

Motion No. 13560; No. 7384.

Supreme Court of Texas.

Oct. 26, 1938.

424

William McCraw, Atty. Gen., and W. J. Holt, Earl Street, Harry S. Pollard, Chas. D. Rutta, C. M. Kennedy, and William C. Davis, Asst. Attys. Gen., for plaintiffs in error.

W. A. Wade, of Longview, D. M. Doyle, of Fort Worth, Langston Smith, of Austin, and Hincr & Pannill and William Pannill, all of ·Houston, for defendant in error.

GERMAN, Commissioner.

On original hearing we gave due consideration to the motion of defendant in error to dismiss this cause for want of jurisdiction, but did not deem it necessary to write an opinion thereon. In motion for rehearing this matter is urged with considerable force, and we briefly state our views on the question.

Section 9 of Article 6066a, Vernon's Annotated Civil Statutes, provides that if application for a tender is rejected, the applicant may file a petition in the District Court of Travis County for review of the action of the agent of the Railroad Commission in rejecting same. The power is given the .district court to sustain, modify or overrule any action of the agent of the Commission relative to said application, and to grant appropriate relief. The section then concludes with the following provision: "Any person dissatisfied with the decision of the District Court may appeal to the Court of Civil Appeals."

The contention of defendant in error is that as the right sought to be enforced in this instance was a special one, created by statute, it was within the power of the Legislature to designate special tribunals for its determination, and that therefore the jurisdiction of the District Court of Travis· County and of the Court of Civil Appeals is final. We agree that the designation of the District Court of Travis County as the original tribunal for testing the validity of the order of the Tender Board is exclusive. Alpha Petroleum Company v. Terrell et al., 122 Tex. 257, 59 S.W.2d 364, 372, and authorities there cited. We do not agree, however, that by the quoted provision, which allows an appeal to the Court of Civil Appeals, the Legislature intended that the action on appeal should continue to be a special proceeding, and the jurisdiction of the Court of Civil Appeals. should be final. It is our conclusion that as the proceeding was a special one, the exclusive original jurisdiction of which was in Travis County, the Legislature intended by the quoted provision to remove all doubt as to such an action being appealable, and intended that when same was appealed to the Court of Civil Appeals it should be governed by the general statutes with reference to jurisdiction of the Supreme Court. Otherwise we think the Legislature would have expressly provided that the jurisdiction of the Court of Civil Appeals should be final. As the Court of Civil Appeals had jurisdiction of the cause, in the absence of a provision making the jurisdiction of that court final, it comes squarely within the purview of Article 1728 of the Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 1728. That article provides that the Supreme Court shall have appellate jurisdiction, coextensive with the limits of the State, extending to all questions of law arising in the following cases, when same have been brought to the Courts of Civil Appeals from final judgments of trial courts: Among others, those in which the Railroad Commission is a party. Said

article expressly excludes those cases in which the jurisdiction of the Courts of Civil Appeals is made final by statute. In this instance, the jurisdiction of the Court of Civil Appeals was not made final, and it necessarily follows, we think, that because of two or more provisions of Article 1728 the Supreme Court had appellate jurisdiction.

The motion for rehearing by defendant in error is in all respects overruled.

Adopted by the Supreme Court.