Roy FOREMAN, Appellant,

v.

DISCOUNT MOTORS, INC., Respondent.

No. WD 31737.

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 23, 1982.

William R. Merryman, Kansas City, for appellant; Kendrick, Wickersham & Merryman, Kansas City, of counsel.

Ralph E. Pratt, Independence, for respondent.

Before TURNAGE, P.J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Roy Foreman brought an action against Discount Motors, Inc. under § 407.025, RSMo 1978[1] for actual and punitive damages for misrepresentation in the sale of a motor vehicle in the magistrate court. The magistrate entered a judgment in favor of Discount Motors and Foreman filed an appeal to the circuit court. The circuit court began the trial of the case with a jury but at the close of the plaintiff's evidence sustained a motion for a directed verdict and

1. All statutory references are to RSMo 1978.

entered judgment in favor of Discount Motors.

On this appeal, Foreman contends his evidence was sufficient to take the case to the jury. Discount Motors contends that the circuit court was without jurisdiction over the subject matter of this action because the magistrate did not have jurisdiction. Reversed with directions to dismiss the cause of action.

Foreman's petition in magistrate court was filed in September 1977. The petition was in three counts with the first two counts based on a violation of § 407.025. The third count requested a rescission of the agreement by which Foreman purchased a used car from Discount Motors. The first two counts sought actual and punitive damages for misrepresentations concerning the mechanical condition of the vehicle and alleged that such misrepresentations constituted a violation of § 407.025 and entitled Foreman to actual damages as prayed in Count I and punitive damages as prayed in Count II.

On trial in the circuit court, Foreman introduced evidence of the misrepresentations which had been made to him. On motion of Discount Motors, the court sustained a motion for directed verdict on the ground that Foreman had not presented sufficient evidence to submit the cause to a jury. No mention was made in this motion of a lack of jurisdiction in either the magistrate or circuit court over the subject matter of this cause.

On this appeal, Discount Motors contends that the magistrate did not have jurisdiction of the subject matter because actions under Chapter 407 are required by § 407.025 to be brought in the circuit court. Discount Motors argues from that premise that if the magistrate lacked jurisdiction, then the circuit court did not acquire jurisdiction.

§ 407.025.1 provides for a civil action on the part of any person who suffers a loss as a result of a practice declared unlawful by § 407.020. § 407.020 condemns the use of misrepresentations in the sale of any mer-

chandise with an intent that others rely upon those representations. § 407.025.1 provides for the recovery of both actual and punitive damages.

The important part of § 407.025 in this case is its provision that actions brought under that section shall be brought in the circuit court. In this case, the action was brought in the magistrate court at a time when the magistrate court was separate from the circuit court. In *Carlisle v. Missouri Pacific Railway Company*, 168 Mo. 652, 68 S.W. 898, 900 (1902), the court held:

> When an act creates a new liability or gives a right of action, and at the same time prescribes the means by which, or the court in which, the right is to be enforced, resort cannot be had to any other means or court than that prescribed.

§ 407.025 was passed in 1973. Prior to January 2, 1979, when the new Article V of the Constitution took effect, the magistrate court was separate from the circuit court. § 407.025 clearly states that actions under that section shall be brought in the circuit court. Under the holding in *Carlisle*, the magistrate court had no jurisdiction over an action brought under § 407.025.

It is beyond question that on an appeal from a magistrate court, the jurisdiction of the circuit court is derivative and is no greater than the jurisdiction of the magistrate court. In short, the circuit court acquires only such jurisdiction as the magistrate had over the cause of action. *Bridge Development Company v. Vurro*, 519 S.W.2d 321, 325 [2–8] (Mo.App.1975). Since the magistrate did not have jurisdiction of a cause of action under § 407.025, then the circuit court acquired no jurisdiction of the subject matter of this cause on appeal from the magistrate.

Although the question of the jurisdiction was not raised in the circuit court, under Rule 84.13(a), the question of jurisdiction may be raised for the first time in this court.

The third count of the petition filed in the magistrate court requested the court to rescind the agreement under which Foreman bought the used car. His petition pleaded that he prayed rescission because his remedy at law was inadequate. By his own pleading and under settled principles, rescission is an action in equity. *National Theatre Supply Company v. Rigney*, 130 S.W.2d 258, 261 [2, 3] (Mo.App.1939). By statute, magistrate courts had no jurisdiction over strictly equitable proceedings. § 482.100.1, RSMo 1969; *Bridge Development Company v. Vurro, supra*. Since the magistrate did not have jurisdiction of the rescission count, for the reasons stated above the circuit court acquired no jurisdiction over that count of the petition.

Under Rule 55.27(g)(3), the court shall dismiss an action whenever it appears that the court lacks jurisdiction over the subject matter. In this case, the circuit court should have dismissed the action because the magistrate did not have jurisdiction over the subject matter and therefore the circuit court could acquire no jurisdiction.

The judgment entered after sustaining Discount Motors' motion for a directed verdict is reversed and this cause is remanded with directions to dismiss Foreman's cause of action because of lack of jurisdiction.

All concur.