## STAPLES, Secretary of State, et al. v. STATE ex rel. KING et al. (No. 8951.)

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 28, and 31, 1922. Rehearing· Denied Nov. 2, 1922.)

1. Appeal and error ⬅447—Appeal from order granting temporary injunction gives appellate court exclusive jurisdiction of injunction, but does not impair trial court's jurisdiction of main issue.

In quo warranto to determine the right of a candidate, claimed to have violated Vernon's Ann. Civ. St. Supp. 1922, art. 3174¼b, regulating expenses at primary elections, to have name on ballot, an appeal under Rev. St. 1911, art. 4644, to the Court of Civil Appeals by the secretary of state and the board of election, from an order restraining them from printing the candidate's name on the ballots, gives the appellate court exclusive jurisdiction of the granting of the injunction, but does not impair the trial court's jurisdiction of the main issue in the case, though the disposition of the appeal involves the same questions as those the trial court will be required to pass upon.

2. Prohibition ⬅1 — Writ of. "prohibition" granted only to prevent inferior tribunal from exercising jurisdiction which it has no lawful right to exercise.

The writ of prohibition is an extraordinary judicial writ to be issued by a court of superior jurisdiction, and directed to one of inferior jurisdiction only with the greatest caution, and only for the purpose of preventing the inferior tribunal from exercising a jurisdiction which it has no lawful right to exercise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prohibition (Writit of).]

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Quo warranto by the State of Texas on the relation of C. E. King and others against S. L. Staples, Secretary of State, and others. From an order granting a temporary writ of injunction, the defendants appeal. Judgment reversed and writ dissolved, in accordance with Supreme Court's answer to certified questions (245 S. W. 639). Issuance of writ of prohibition ordered. Defendants ordered to show cause why they should not be adjudged in contempt.

W. A. Keeling, Atty. Gen., Hart & Patterson, of Austin, and Phillips, Trammell & Caldwell and David B. Trammell, all of Fort Worth, for appellants.

Luther Nickels and W. W. Nelms, both of Dallas, and J. S. Callicutt and Richard Mays, both of Corsicana, for appellees.

On Motion for Writ of Prohibition.

HAMILTON, J. This is an appeal from an order of the district court of Navarro county granting a temporary writ of injunction restraining S. L. Staples, secretary of state, from certifying to the election boards of the state the name of the Hon. Earle B. Mayfield as the Democratic nominee for United States Senator, and restraining the election boards from receiving such certification from the secretary of state, or printing the name of the said Mayfield on the ballots, or permitting ballots to be used, etc., with the name of Mr. Mayfield thereon as a Democratic candidate for the United States Senate at the general election. The injunction was granted in connection with, and ancillary to, a suit brought by appellees seeking to forfeit the right of the Hon. Earle B. Mayfield to have his name placed on the official ballot at the general election, appellees seeking to maintain the principal suit to which the injunction proceeding is ancillary under article 3174¼b of title 10B, Vernon's Civ. St. Supp. 1922, providing for the regulating and limiting of expenditures at primary elections.

The appeal is predicated upon the provisions of article 4644, Revised Civil Statutes, allowing appeals to Courts of Civil Appeals by any party from an order or judgment granting, refusing, or dissolving a temporary injunction in any such suit.

[1] The ultimate issue in the principal suit is whether or not, under the facts, the Hon. Earle B. Mayfield has forfeited his right to have his name appear on the ballot, and this issue is one exclusively between appellees and him. The secretary of state and 'the boards of election have no concern in, and are not to be affected by, the ultimate judgment entered by the trial court in disposing of that issue. Their interest appears only in the question of the right of the court to enjoin them from performing the ministerial acts the temporary injunction restrains their performing. The appeal from the order granting the temporary injunction lifts out of the trial court and lodges in this court the exclusive jurisdiction of that question. The appeal completely divests the trial court of jurisdiction of the subject-matter of the injunction and fully invests this court with that jurisdiction, but, at the same time, it leaves the trial court's jurisdiction of the main issue in the case between appellees and Mayfield unimpaired. Such being the attitude of the case, this court is without warrant to issue the writ of prohibition sought by appellants.

[2] The writ of prohibition is an extraordinary judicial writ to be issued by a court of superior jurisdiction and directed to one of inferior jurisdiction only with the greatest caution, and only for the purpose of preventing the inferior tribunal from exercising a jurisdiction which it has no lawful right to exercise. The writ should not be issued in this case unless it is made to appear that the contemplated proceedings will interfere with the jurisdiction of this court. The district court of Navarro county is given jurisdiction of the subject-matter of the proceedings instituted by appellees against the Hon. Earle B. Mayfield. The explicit provisions of the statute, in terms free from any possible construction to the contrary, put the jurisdiction there. This appeal, as before stated, exclusively places the jurisdiction of the injunction feature of the case in this court. It cannot be made to appear that a hearing of the controversy between appellees and Mayfield, upon the facts from which the ultimate judgment of the trial court is to be derived, will impinge upon the jurisdiction of this court to dispose of the appeal upon the injunction feature of the case, or conflict with or impair the force of this tribunal's judgment in the case which the appeal presents. Whatever grievance may be entertained by any party to the contest between appellees and Mayfield with reference to the latter's right to have his name placed upon the ticket at the general election must be redressed in the course of appellate judicial proceedings, prescribed by the statute under which appellees claim the right to maintain the suit and by general law. The court below having jurisdiction of the subject-matter of that controversy, and that jurisdiction being unaffected by this appeal, an erroneous exercise of it, or a contemplated erroneous exercise of it, cannot be arrested by this court merely upon the theory that the reasons and considerations upon which our judgment disposing of this appeal may rest are, and of necessity must be, the same as those which are to control the judgment of the trial court in passing upon matters with reference to which it is still free to exercise its jurisdiction. Such fact and circumstance do not justify a resort to this extraordinary writ, which properly can be used only and ex-

clusively for the purpose of restraining the action of an inferior tribunal to the confines of its lawful jurisdiction.

Only in the event should it be made to appear to us that, pending this particular appeal, the trial court is proceeding to issue some character of injunction, or to dissolve, modify, or otherwise act upon the order already entered and now before this court for consideration, would we be warranted to undertake to control the conduct of that court through the medium of the writ of prohibition. In the event of any such contingency, we would, of course, act zealously and expeditiously in protecting the exclusive exercise of jurisdiction which belongs to us upon the injunction feature of the case, and as we would to require full and complete observance of and acquiescence in whatever judgment may be rendered by us upon the issue the appeal involves.

The motion is overruled.

## On Appeal from Order Granting Temporary Injunction.

VAUGHAN, J. This is an appeal from an order granting a temporary writ of injunction at the instance of appellees, enjoining and restraining appellant S. L. Staples, secretary of state, from in any manner certifying the name of appellant Earle B. Mayfield as the nominee of the Democratic party for the office of United States Senator, and restraining each and all of the official boards of the different counties of the state from in any manner, directly or indirectly, receiving or considering any such certification from the secretary of state, and from printing or placing the name of said Mayfield as such nominee or candidate, or otherwise, upon any or all of such official ballots, and from permitting the same to be done, and from furnishing to any election officer or clerk any such official ballots with said name printed thereon, for the ensuing general election, etc.

The suit in the district court was brought in the name of the state of Texas on relation of C. E. King, P. C. Short, and L. E. McGhee, citizens, etc. The petition is predicated upon section 9, c. 88, General Laws, regular session of the 36th Legislature (Vernon's Ann. Civ. St. Supp. 1922, art. 3174¼ b) "as well as under and by virtue of all other laws permitting the same." Briefly stated, it is alleged that Earle B. Mayfield, the nominee of the Democratic party for the office of United States Senator, has forfeited his right to have his name placed upon the official ballot in the ensuing general election, by reason of the fact that he has committed acts in violation of said chapter 88 of the Acts of the 36th Legislature, in connection with campaign expenditures in the campaign for nomination by the Democratic party for the office of United States Senator. The petition prays for leave to file the information in the nature of a quo warranto in the name of the state of Texas, and recites that the appellees do "hereby file this, their petition, in the petitioners' own right otherwise." This proceeding was not instituted by or joined in by the Attorney General or any county or district attorney of the state of Texas.

The appeal from said order was duly perfected, and in the hearing thereof it was deemed advisable by this court, on account of the important public questions involved and certain expressions found in the opinions by the Supreme Court in the cases of Paul Waples et al. v. E. K. Marrast, 108 Tex. 5, 184 S. W. 180, L. R. A. 1917A, 253, and Koy v. Schneider, 110 Tex. 369, 218 S. W. 479, 221 S. W. 880, bearing upon such questions, and to hasten the summary disposition of said appeal as enjoined by law on this and other courts, as well as by the exigencies of the situation, to submit by certified question to the Supreme Court what we considered the controlling issue in the case. That issue, as submitted to the Supreme Court by us, was substantially as to whether or not it appears from the allegations of the petition in its relation to section 9 of chapter 88, Acts of the 36th Legislature, that appellees disclosed by their allegations legal capacity to maintain the suit. The answer of the Supreme Court to the questions so certified being to the effect "that appellees were not possessed of legal capacity or right to institute and maintain this suit, and, therefore, the district court and the judge of the district court of Navarro county were without jurisdiction to act on or hear same," which effectively disposes of the issue which of a necessity must control the disposition of this appeal.

In disposing of the questions certified by this court, the Supreme Court has comprehensively discussed all the legal phases and relations involved, which renders it unnecessary for this court to indulge in a prolonged discussion of same in making final disposition of the appeal.

Accordingly, it is unnecessary for us to indulge in any further discussion of any feature of the case. We rest our disposition of it upon the above statement that the Supreme Court's treatment of it comprehensively reveals the legal reasons for the conclusion reached by that court, and we merely refer to the opinion, not only as binding upon this court, but as reflecting the views held by it, and refer to the opinion rendered therein by the Supreme Court for a full discussion of all essential matters.

By reason of the fact that appellees did not have the legal right to bring and maintain this suit, the judgment of the court below granting the writ of injunction is reversed, and said writ of injunction is in all things dissolved and held for naught.

## Order for Issuance of Writ of Prohibition.

PER CURIAM. Whereas, it has been made judicially known to this court that,

pending a motion for rehearing in the above numbered and entitled cause, the Hon. A. M. Blackmon, judge of the district court of the Seventy-Seventh judicial district of Texas, in a certain cause filed in said court on the 28th day of October, 1922, styled "the State of Texas ex rel. Kennedy et al. v. Earle B. Mayfield et al." has issued and attempted to put into force and effect a temporary writ of injunction restraining S. L. Staples from certifying to the various election boards of the state the name of the said Earle B. Mayfield as Democratic nominee for the office of United States Senator from Texas, and also restraining said election boards from receiving such certification from the said S. L. Staples, and, in effect, from causing or attempting to cause the name of the said Earle B. Mayfield to be printed on any official ballot to be used at the general election on November 7, 1922, and restraining said election boards from distributing to election officers or causing ballots bearing the name of said Earle B. Mayfield as a candidate for United States Senator to be used, etc., at said general election to be held November 7, 1922, pending the further action of said district court upon said temporary injunction;

And whereas, it is manifest that the subject-matter, upon which said district court by such order attempted to exercise jurisdiction, was at the time of the granting of said order, and is at this time and continuously from the date of the filing of said suit in said district court of the Seventy-Seventh judicial district of Texas until now has been exclusively in this court, for the reason that the subject-matter upon which said district court of the Seventy-Seventh judicial district of Texas has attempted, and is attempting, to exercise its equity jurisdiction, is the right to restrain the said S. L. Staples and other defendants in said cause, who are the appellees in the instant cause pending before this court, from respectively certifying and receiving certification of the name of the said Earle B. Mayfield as a candidate for the United States Senate, and causing the same to be placed upon the official election ballots to be used on November 7, 1922, which is the identical issue involved in, and constitutes the subject-matter of, the cause now pending as aforesaid upon motion for rehearing before this court, and which has not been finally disposed of by this court;

And whereas, since this court now, exclusive of all other courts, holds complete jurisdiction of the subject-matter involved in said temporary writ of injunction issued by the said Hon. A. M. Blackmon by virtue of the appeal to this court in this case, notwithstanding the fact that said cause, in which the said Hon. A. M. Blackmon issued said temporary injunction, is brought upon the relation of different parties plaintiff, the subject-matter of the cause pending before this court on appeal and that upon which the district court of the Seventy-Seventh judicial district of Texas and the judge thereof seeks to exercise jurisdiction are identical, for which reason any and all orders issued, or attempted to be issued, involving the right to enjoin the said S. L. Staples et al. from doing the acts or any of the acts sought to be enjoined, clearly constitute an interference with, and an infringement upon, the jurisdiction of this court in this cause:

Therefore, for the purpose of protecting, preserving and enforcing the jurisdiction of this court, the said A. M. Blackmon, judge of said district court, is hereby ordered, commanded, and required forthwith to vacate and set aside the order heretofore entered by him on the 28th day of October, 1922, in the case of "State of Texas ex rel. Kennedy v. Mayfield et al.," restraining said S. L. Staples and all other defendants in said temporary injunction, and he (the Hon. A. M. Blackmon, judge of said district court) is ordered and directed to abstain and desist until after the final disposition of this case by this court from entering any other order enjoining any of the defendants in said cause from doing any act or acts enjoined in said order, which he is herein directed to vacate and set aside.

The clerk of this court is ordered and directed forthwith to issue and transmit for proper service a writ of prohibition, conditioned as above required, and accompanied by a certified copy of this order.

### On Proceedings in Contempt.

PER CURIAM. To S. L. Staples and W. A. Keeling, Residents of Austin, Travis County, Texas: Whereas, by proper proceedings filed in this court on the 30th day of October, 1922, styled "Motion for order upon appellant S. L. Staples and upon W. A. Keeling, to show cause why they should not be adjudged to be in contempt of the honorable Court of Civil Appeals for the Fifth supreme judicial district of Texas and punished therefor"; and

Whereas, the above-styled and numbered cause has been pending in this court since the 11th day of October, 1922, on an appeal prosecuted by appellants from an order of the district court of Navarro county, Tex. (or of the district judge of said court) entered in the cause then pending in said court on the 3d day of October, 1922, which order restrains said S. L. Staples, secretary of state, pending final hearing of said cause or the further orders of the court, as well as pending the disposition of said appeal, from in any manner, directly or indirectly, certifying to any or all of the official boards for the various counties of the state (said boards being provided for in article 2983, Revised Statutes 1911), or to any or all of the members or agents of any or all of such boards, the name of appellant Earle B. Mayfield as the

nominee or candidate of the Democratic party (of Texas) or otherwise, etc., which was continued in effect by order of date October 10, 1922, entered on notice of appeal to this court,

And that on the 19th day of October, 1922, this court certified to the Supreme Court of Texas certain questions stated in the certificate of this court, of which certificate this court hath knowledge, and that the answers or mandate of the Supreme Court to said questions so certified were returned into this court on October 28, 1922, and thereafter on said date judgment was entered by this court in this cause, and immediately thereafter appellee C. E. King filed in this cause his motion for rehearing, which motion is now pending in this court undisposed of,

And that you, the said S. L. Staples, purporting to act as secretary of state, in violation of the terms and provisions of said order of October 3, 1922, and of said order of October 10, 1922, did, on the 28th day of October, 1922, certify, or attempt to certify, to each and all of said official boards and the members and agents thereof, the name of Earle B. Mayfield as such nominee and candidate or otherwise, in that you, the said S. L. Staples, did then file or cause to be filed with the Western Union Telegraph Company or other telegraph companies at Austin, Tex., telegrams addressed to such official boards, or to some or all of the members of each of such boards, containing such certification, and did then and there instruct, or cause to be instructed, and did cause said telegraph companies to transmit and deliver to such boards and such members of such boards such messages and telegrams and certificates,

And further that you, the said S. L. Staples, did, acting as secretary of state in connection with the matters and things above set forth, on the 27th and 28th days of October, 1922, consult with and seek and receive from W. A. Keeling, Attorney General of Texas, advice and encouragement of the aforesaid acts and conduct in violation of the jurisdiction of this court,

And that, on the 27th and 28th days of October, 1922, you, the said W. A. Keeling, did wrongfully and unlawfully advise, encourage, and cause, or contribute to cause, the said S. L. Staples to do and permit each and all of the aforesaid wrongful and unlawful acts, all for the purpose and with the intent to interfere with, hinder, delay, and thwart the due and orderly administration of justice in said cause; all of which is made to appear to this court from the motion filed herein on October 30, 1922, duly sworn to by Luther Nickels, one of the attorneys of record for the appellees in the above-styled and numbered cause:

Therefore, you, the said S. L. Staples, and you, the said W. A. Keeling, are hereby directed and required, each in person, to be and appear before the honorable Court of Civil Appeals for the Fifth supreme judicial district of Texas at 10 o'clock a. m. on Monday, November 6, 1922, at which time you will then and there show cause, if any you or either of you have, why you should not be adjudged to be in contempt of this court and punished therefor in the manner and form provided by law.

The clerk of this court is hereby directed and required to issue the proper precept giving due notice of this order, accompanied by a properly certified copy thereof to be served on the said W. A. Keeling and S. L. Staples, each in person, as required by law.