### DUNCAN et al. v. BOYD et al.     (No. 7054.)

(Court of Civil Appeals of Texas.     Austin.
Oct. 6, 1926.)

**1. Appeal and error ⟨⟩1180(1) — Decree of Court of Civil Appeals, dissolving temporary injunction, becomes effective immediately (Rev. St. 1925, art. 4662).**

Decree of Court of Civil Appeals, on appeal, under Rev. St. 1925, art. 4662, dissolving temporary injunction of trial court, becomes effective immediately.

**2. Contempt ⟨⟩22—Contempt proceedings are not available for violation of temporary injunction pending rehearing, after its dissolution by order of appellate court, on which motion for rehearing was pending.**

Where temporary injunction was dissolved on appeal, decree dissolving it became effective immediately, precluding contempt proceedings for its violation, though motion for rehearing was filed.

**3. Injunction ⟨⟩132—Temporary injunction is to preserve status quo or some right pending final determination.**

Purpose of temporary injunction is to preserve status quo or some right of party litigant pending final determination of matter in suit on its merits.

**4. Appeal and error ⟨⟩447—Jurisdiction of appellate court attaches immediately on appeal from order granting or refusing temporary injunction (Rev. St. 1925, art. 4662).**

On perfecting appeal, under Rev. St. 1925, art. 4662, from order granting or refusing tem-

porary injunction, or granting or overruling motion to dissolve, jurisdiction of trial court determines and that of appellate court attaches.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by Homer Boyd and others against J. P. Duncan and others. Judgment for plaintiffs, and defendants appeal. Application by appellees to have appellants cited for contempt. Motion dismissed.

J. A. Thomas and Harris & Harris, all of San Angelo, for appellants.

James Cornell and Upton & Upton, all of San Angelo, for appellees.

McCLENDON, C. J. Original application by appellees to have appellants and their attorney cited for contempt for violating terms of temporary injunction issued by the district court, from which this appeal is taken.

[1, 2] The only question in the case is whether a judgment of the Court of Civil Appeals, dissolving a temporary injunction of the trial court, operates instanter.

The issues involved in the appeal are fully set out in the two opinions of this court delivered on June 2, and July 2, 1926. See 286 S. W. 669. For our present purposes it is only necessary to state that the trial court issued a temporary injunction restraining appellants pending final disposition of the case from entering upon certain lands which were in litigation. The appeal was from this interlocutory order. On June 2, 1926, this court affirmed in part and in part reversed the trial court judgment. The effect of this decree was to dissolve in part and in part continue in effect the temporary injunction. July 2, 1926, this court granted appellants a rehearing and entered a decree dissolving the temporary injunction in toto. Within 15 days thereafter and after the adjournment of this court for the term, appellees filed a motion for rehearing, complaining of our decree of July 2, 1926. The effect of filing this motion was to continue the pendency of the cause in this court. On August 21, 1926, appellees filed a motion in this court to have appellants and their attorney cited for contempt of court, alleging certain specific violations of the mandates of the temporary injunction committed after the decree of July 2 was rendered. A show cause order was issued and a hearing upon the motion was had in vacation. Upon this hearing it developed that appellants, but not their attorney, had, in some particulars, violated the temporary injunction, and were guilty of contempt if the temporary injunction remained in force after the July 2 decree. We reached the conclusion that the decree, dissolving in toto the temporary injunction, became effective instanter, and the prayer of the motion to hold appellants in contempt of court was denied, and the motion dismissed. The purpose of this opinion is to record our views in reaching this conclusion.

[3] The purpose of a temporary injunction is to preserve the status quo or some right of a party litigant pending a final determination of the matter in suit upon its merits So long as the jurisdiction of the trial court attaches, the orders of that court, granting, refusing, modifying, or dissolving a temporary injunction, are effective from the time of their entry.

Article 4662, R. S. 1925 (Gammel's Ed. p. 1278), authorizes an appeal from an order granting or refusing a temporary injunction or granting or overruling a motion to dissolve a temporary injunction, and provides:

"Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order."

[4] When such appeal is perfected, the jurisdiction of the trial court determines and that of the appellate court attaches. No further orders in the matter can be made by the trial court pending the appeal. Boynton v. Brown (Tex. Civ. App.) 164 S. W. 897, writ of error denied.

It would seem necessarily to follow from this holding that the orders of the appellate court, affecting the injunctive relief granted or denied by the trial court, should be effective immediately. The very nature of the relief sought or obtained would seem to impel this conclusion. The relief being merely temporary and to preserve the status quo or rights of a party litigant pendente lite, there ought to repose in some tribunal the continuing power over the subject-matter. Since the appeal divests the trial court of all jurisdiction in the matter, and transfers that jurisdiction to the appellate court, the latter, in order to make the relief effective, should have the same power as the trial court originally had, and its orders and decrees should have the same effect. We have been cited to no case in which the exact question has been determined. But we are clearly of the view that the conclusion we have announced necessarily follows from the holding in Boynton v. Brown, above.

The order heretofore made in vacation will be entered in the minutes.