**Farrell M. SMITH, Petitioner,**

v.

**GRIEVANCE COMMITTEE, STATE BAR OF TEXAS FOR DISTRICT 14–A, et al., Respondents.**

**No. 703.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 10, 1972.

Edmond J. Ford, Jr., Corpus Christi, for appellant.

Davis Grant, Austin, for the State Bar of Texas.

Harris, Cook & Browning, James R. Harris, Corpus Christi, for other respondents.

## OPINION

PER CURIAM.

This is a petition for writ of prohibition against the Honorable Walter Loughridge, Judge Presiding of the 105th Judicial District Court by assignment. The petition

seeks to prohibit Judge Loughridge from proceeding to trial in the cause of the Grievance Committee v. Farrell M. Smith for disbarment, scheduled for jury trial on January 17, 1972. This Court, on December 30, 1971, granted leave to file the petition and set the cause for hearing on January 6, 1972.

Petitioner, in a separate suit, sought relief by writ of mandamus to require the Grievance Committee for the State Bar of Texas to grant certain rights to the accused attorney Farrell M. Smith as alleged to be afforded to him by the State Bar Act Art. 320a–1, Article XII, "Disbarment of members; Unauthorized practice of law", Vernon's Ann.Civ.St. Judge Loughridge denied the writ of mandamus and petitioner appealed to this Court.

The matter which is presently before the trial court grew out of various complaints submitted to the State Bar Grievance Committee in reference to the professional misconduct and malpractice of Farrell M. Smith. The suit, styled Grievance Committee, State Bar of Texas for District 14–A, et al. v. Farrell M. Smith, Cause No. 107,124–D, is pending and set for trial on January 17, 1972. The trial court considered various pleas to its jurisdiction. It granted some of petitioner's pleas and overruled others. All of the complaints embodied in the petition for the writ of mandamus were ruled on and decided adversely to the petitioner in pretrial hearings in Cause No. 107,124–D by the Honorable Horace S. Young, Judge Presiding. Subsequently, the case was transferred to the Honorable Walter Loughridge. Thereafter, on October 28, 1971, petitioner tendered the petition for mandamus embodying these same complaints which had been overruled. In essence he sought to require the District Grievance Committee to call witnesses before the Committee as requested by the petitioner; to afford the petitioner an opportunity to hear all evidence that had been presented against him before the Committee; and to require the Grievance Committee in voting any complaint out, to count only those votes of members who had heard all the evidence presented. The effect of the petition for mandamus in the lower court was to require the District Grievance Committee of the State Bar of Texas to hold an adversary hearing.

The trial court filed findings of fact and conclusions of law in denying the petition for mandamus. It found and concluded in part that the proceedings before the Grievance Committee are similar in nature to those of the grand jury; that the Committee has wide discretion in the conduct of its hearing and procedures; that all complaints embodied in the petition for writ of mandamus had been previously decided adversely to the petitioner by the Honorable Horace S. Young in Cause No. 107,124–D; and that petitioner's right to complain of the action of the Grievance Committee may be reserved by petitioner in Cause No. 107,-124–D for consideration ultimately on appeal, if necessary.

The petitioner states that he does not have an adequate legal remedy by way of appeal from the disbarment proceedings, and that if Judge Loughridge is permitted to go forward to trial on January 17, the jurisdiction of this Court of Civil Appeals over the appeal from the order overruling their petition for mandamus will be interfered with, and thwarted, and the mandamus appeal will thereby become moot.

Petitioner's argument under four points, may be summarized as follows: This Court of Civil Appeals should rule that the trial court has no jurisdiction to proceed to trial until the rights granted under the State Bar Act have been complied with; and that there can be no orderly administration of jurisdiction in the main case until petitioner has received a ruling on appeal of his application for writ of mandamus. He contends that total and hopeless confusion, as well as a terrible expense and loss of time in the trial below will result without such prior ruling; and that a trial before a final ruling on the mandamus appeal will be totally fruitless if he is correct in attacking the procedure of the Grievance

Committee. Finally, he submits that if on a trial on the merits, he is disbarred, he will not be entitled to practice law in any form while the appeal is pending, as he has no right to supersede the judgment of disbarment by bond or otherwise. See 320a–1, Art. XII, Sec. 30, V.A.C.S.

■ Under the Texas Constitution, Article V, Sec. 6, Vernon's Ann.St. and by Article 1823, Vernon's Ann.Civ.St., this Court has jurisdiction to issue writs of prohibition to protect its jurisdiction. The writ of prohibition is an extraordinary judicial writ that may be issued by a Court of Civil Appeals as a court of superior jurisdiction, directed to a court of inferior jurisdiction. The writ should only issue with the greatest of caution. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction which it has no lawful right to exercise. Staples v. State, 244 S.W. 1064 (Tex. Civ.App.—Dallas 1922) conforming to Supreme Court's answer to certified question in 112 Tex. 61, 245 S.W. 639.

■ The writ of mandamus on the other hand, is a legal remedy clothed with the principles of equity. It is available to compel action on the part of those charged with positive duties because of their official position. The writ of mandamus is not a writ of right. Its issuance is within the sound discretion of the court. The writ will not issue if the applicant has available to him an adequate remedy at law. Cobb v. Harrington, 144 Tex. 360, 190 S.W. 2d 709 (1945).

■ The writ of prohibition as used in Texas has three principal functions: (1) Preventing interference with the higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will relitigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. Although the trial court denied the writ of mandamus, and the same is here on appeal, the subsequent trial of the grievance matter will not interfere with the jurisdiction of this Court in deciding the mandamus appeal. The second basis for the writ, obviously is not applicable. This leaves only the third function for consideration.

■ The operation of the writ of prohibition is not to obtain a review of an interlocutory order, nor will it be entertained where there is an adequate remedy at law by appeal. Prince v. Miller, 123 Tex. 118, 69 S.W.2d 52 (1934). Its purpose in this case must be relegated to a determination from the record, that the trial court lacks jurisdiction. In this respect the petitioner must attack the procedure of the Grievance Committee as being void.

■ A careful review of 320a–1, Art. XII of the Texas Bar Act concerning the disbarment process, convinces us that the proceeding before the Grievance Committee is not an adversary process. The Committee is an investigating body. The aim of its inquiry is to collect and assemble facts and information that will enable the Committee to take such future action as it may deem expedient for the public welfare. See 7 Am.Jur.2d § 17, Attorneys at Law, p. 52. The Grievance Committee is not designed or equipped by the rules and regulations of the State Bar Act to conduct a trial. The adversary process and petitioner's day in court is commenced by the filing of the formal complaint as provided by the Texas Bar Act. Any suggested harmful error committed by the Grievance Committee, can be preserved for review on appeal from the trial in the district court.

It does not affirmatively appear from the record before us, that the proceedings of the Grievance Committee were void. It follows that the trial court has jurisdiction to proceed to trial. The petitioner has failed to demonstrate a clear right to the relief requested.

Writ of prohibition is denied.