HUMBLE EXPLORATION COMPANY, INC., Pat S. Holloway and Sterling Pipeline Company, Relators,

v.

Honorable Dee Brown WALKER, Fairway Land Company, et al., and Jane H. Browning, et al., Respondents.

No. 05–82–00879–CV.

Court of Appeals of Texas, Dallas.

Aug. 30, 1982.

Louis P. Bickel, Bickel & Case, Dallas, James H. Keahey, Austin, James C. Allums, Jr., DeHay & Blanchard, Richard L. Jackson, Shuford, Jackson & Allen, David Ford Hunt, Jenkens & Gilchrist, Dallas, Rex H. White, Jr., O'Neill, Haase & White, Austin, for relators.

C. Taylor Ashworth, William J. Albright, Humble Exploration Co., Inc., Dean A. Johnson, III, Joe Holt, pro se.

David Musslewhite Akin, Gump, Strauss, Hauer & Feld, Dallas, Kenneth C. Raney, Jr., Houston, Michael V. Powell, Rain, Harrell, Emery, Young & Doke, R. Jack Ayres, Jr., Dallas, G. Michael Curran, Vinson & Elkins, Houston, G.H. Kelsoe, Jr., Kelsoe & Kelsoe, Dallas, Kenneth Stohner, Jr., Jackson, Walker, Winstead, Cantwell & Miller, John Fox Holt, Dallas, for respondents.

Before TED Z. ROBERTSON, CARVER and WHITHAM, JJ.

WHITHAM, Justice.

Humble Exploration Company, Inc., as relator, seeks a writ of prohibition against the Honorable Dee Brown Walker, Judge of the 162nd Judicial District Court of Dallas County, Texas, prohibiting the trial court from taking certain action in a temporary receivership of Humble which this court vacated on June 18, 1982. Our disposition of that matter and the nature of the dispute out of which this petition for writ of prohibition arose may be found in our opinion in *Humble Exploration Co. v. Fairway Land Company*, 641 S.W.2d 934 (Tex.App. 1982). We conclude that the writ of pro-

hibition is necessary to protect and enforce the jurisdiction of this court with respect to the temporary receivership of Humble. Accordingly, the writ of prohibition shall issue with respect to the temporary receivership of Humble.

Sterling Pipeline Company, Inc. and Pat S. Holloway, individually, as relators, seek a writ of prohibition against the Honorable Dee Brown Walker, Judge of the 162nd Judicial District Court of Dallas County, Texas, prohibiting the trial court from taking certain action in a temporary receivership appointed for each of these two relators. Appeals from the appointment of temporary receivers of Sterling and Holloway are still pending in this court and such appointments have not been vacated by this court. Accordingly, the petitions for writs of prohibition of Sterling and Holloway are denied.

■ Under Tex. Const. art. V § 6 and Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), this court has jurisdiction to issue writs of prohibition to protect its jurisdiction. The writ of prohibition is an extraordinary judicial writ that may be issued by a Court of Appeals as a court of superior jurisdiction, directed to a court of inferior jurisdiction. The writ should only issue with the greatest of caution. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction which it has no lawful right to exercise. *Staples v. State,* 244 S.W. 1064 (Tex.Civ.App.—Dallas 1922, no writ), conforming to Supreme Court's answer to certified question in *Staples v. State,* 112 Tex. 61, 245 S.W. 639 (Tex.1922); *Smith v. Grievance Committee, State Bar of Texas For Dist. 14–A,* 475 S.W.2d 396 (Tex.Civ.App.—Corpus Christi 1972, no writ). The writ of prohibition as used in Texas has three principal functions: (1) preventing interference with the higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will relitigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Smith v. Griev-*

*ance Committee, State Bar of Texas For Dist. 14–A, supra.* The present proceeding requires consideration of the third function—the absence of jurisdiction of the trial court.

■ Under the facts of the present proceedings we must first decide when our order vacating the receivership became effective. If our order became effective immediately, even though not final, then the trial court was without jurisdiction to continue the receivership following our order. At this time our mandate in *Humble Exploration Co. v. Fairway Land Company, supra,* has not issued. At oral argument Judge Walker conceded that following our order vacating the receivership of Humble, the then existing receivership of Humble had continued in operation after our order and was in operation at the time of oral argument. Humble contends that our order vacating the receivership of Humble operated instanter. The parties opposing issuance of the writ contend that our order vacating the receivership is not yet effective, absent the issuance of our mandate. We conclude that our order vacating the receivership operated instanter. We hold, therefore, that the trial court was without jurisdiction to continue the receivership following our order. After our order, all that remained for the trial court to do was to conduct the necessary proceedings to discharge the receiver.

■ We arrive at our holding by analogy to appellate orders dissolving temporary injunctions on appeal. An order dissolving a temporary injunction is effective immediately even though not final. *Poole v. Giles,* 151 Tex. 224, 248 S.W.2d 464 (1952) *citing Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 372 (1933); *Duncan v. Boyd,* 288 S.W. 281 (Tex.Civ.App.—Austin 1926, no writ). *Duncan* addressed the issue as follows:

The only question in the case is whether a judgment of the Court of Civil Appeals, dissolving a temporary injunction of the trial court, operates instanter.

\*   \*   \*   \*   \*   \*

When such appeal is perfected, the jurisdiction of the trial court determines and that of the appellate court attaches. No further orders in the matter can be made by the trial court pending the appeal.

\*   \*   \*   \*   \*   \*

It would seem necessarily to follow from this holding that the orders of the appellate court, affecting the injunctive relief granted or denied by the trial court, should be effective immediately.... [T]here ought to repose in some tribunal the continuing power over the subject matter. Since the appeal divests the trial court of all jurisdiction in the matter, and transfers that jurisdiction to the appellate court, the latter, in order to make the relief effective, should have the same power as the trial court originally had, and its orders and decrees should have the same effect.... *Duncan v. Boyd,* 288 S.W. at 282.

In adopting *Duncan* the Supreme Court in *Alpha Petroleum Co.* stated:

"We are of the opinion that, when the Court of Civil Appeals at Beaumont entered its final order and decree dissolving the temporary injunction granted in this cause by the district court of Montgomery County, Tex., such order and decree of dissolution so entered by the Court of Civil Appeals became effective at once, and therefore no injunction has been in effect protecting the Alpha Petroleum Company from the proration orders of the Commission since the date of the dissolution thereof by the Court of Civil Appeals. *Duncan v. Boyd* (Tex.Civ.App.) 288 S.W. 281."

*Alpha Petroleum Co. v. Terrell,* 59 S.W.2d at 373.

Since an order of an appellate court dissolving a temporary injunction is effective immediately even though not final, we see no reason why an order of an appellate court vacating the more drastic remedy of a temporary receivership should not also be effective immediately, even though not final. It is just as important that a party, over whose property a receiver is improperly appointed, instanter have back his property from the hands of the court as it is that a party improperly enjoined, instanter must no longer conduct his affairs as ordered by a court. The need for an immediate end to judicial interference, be it by injunction or receivership, is the same under both circumstances and is compelling of the same instanter relief.

Parties opposing issuance of the writ argue that provisions for rehearing and mandate require that our order vacating the receivership become final only upon issuance of the mandate. We do not agree. Losing parties file motions for rehearings in temporary injunction cases. Mandates issue in temporary injunction cases. If motions for rehearings and mandates do not prevent orders dissolving temporary injunctions from becoming effective immediately, even though not final, then motions for rehearing and mandates should not, for the same reasons, prevent orders vacating temporary receiverships from becoming effective immediately, even though not final.

Parties opposing issuance of the writ also argue that an injunction and a receivership differ in operation in that a receivership is under the direct day-to-day supervision of the court while an injunction is not. They contend that this difference requires that our judgment vacating the receivership become final only upon issuance of the mandate. We do not agree. Both injunction and receivership constitute judicial interference in the affairs of parties in litigation. If appeal determines that such interference should end, then the time that interference ends should be uniform regardless of the means of imposition of the interference. Our Supreme Court holds that, with respect to a temporary injunction, the interference ends immediately upon order dissolving the temporary injunction. In our case, one of first impression in this state, we hold with respect to a temporary receivership, that the interference ends immediately upon our order vacating the temporary receivership.

Parties opposing the issuance of the writ also assert that the orders of Judge Walker following our judgment vacating

the receivership related to merely everyday business of the receivership and, as such, did not interfere with this court's jurisdiction so as to warrant the writ of prohibition. We do not agree. The orders in question are of a nature consistent with an ongoing receivership, which, by our order has been vacated. Consequently, the court was without jurisdiction to make those orders.

Parties opposing the issuance of the writ further contend that Humble's failure to supersede the trial court's appointment of a receiver permits the trial court to continue the receivership despite our order vacating the receivership. We do not agree. Our order vacating the receivership became effective immediately; therefore, nothing remained of the trial court's appointment even if it had been theretofore superseded. Failure to file supersedeas cannot be held to deny or postpone the relief granted by this court.

No party cites *New Birmingham Iron & Land Co. v. Blevins,* 40 S.W. 829 (Tex.Civ. App.—1897, error ref'd), however, we note the case. *Blevins* involved the question whether the receiver whose appointment was revoked on appeal was entitled to compensation until the time of the filing of the mandate. In answering that question the court said:

> Until the mandate of the court of civil appeals was issued and filed in the district court, the appellee Reagan had no official notice of the revocation of his appointment of receiver, and his duties as such continued until such mandate was filed in the court below; and having continued to discharge his duties until then, he was entitled to compensation for his services up to that time.

To the extent that *Blevins* can be read to hold that an appellate order vacating a receivership does not become effective until the mandate issues, we decline to follow it. *Blevins* was decided long before *Pool, Alpha Petroleum,* and *Duncan, supra.* Since, under those cases, an order dissolving a temporary injunction became effective immediately, although not final, reason dictates that the same rule should be applied to an order vacating a temporary receivership. If, by mandatory injunction, the trial court required Humble to suffer certain things then, upon an appellate order dissolving that injunction, Humble would immediately be free of judicial interference and able to conduct its affairs as it wished. If, by a receivership, the trial court caused Humble to suffer the same certain things, then, upon appellate order vacating that receivership, Humble should also immediately be free of judicial interference and able to conduct its affairs as it wishes.

However and whenever a receivership ends, the trial court must conduct the necessary proceedings to discharge the receiver. Those proceedings ordinarily include:

1.) A final accounting submitted by the receiver and approved by the court and the fixing of the amount of the receiver's fees and ordering them paid, *Shell Petroleum Corp. v. Grays,* 87 S.W.2d 289, 292 (Tex.Civ.App.— Waco 1935) 131 Tex. 515, 114 S.W.2d 869 (Tex.Comm'n.App.1938, opinion adopted)

2.) restoration of the property held by the receiver to the owner of the property, *see, Kirby Lumber Co. v. Cunningham,* 154 S.W. 288 (Tex.Civ.App. —Galveston 1913, no writ).

3.) an order entered by the trial court discharging the receiver, *Houlle v. Martin,* 35 S.W.2d 785 (Tex.Civ.App. —Texarkana 1931, no writ).

Just because these and similar steps must be taken in the trial court to conclude the receivership, it does not mean that our order vacating a receivership should be deemed to become effective only upon issuance of the mandate. We hold that our appellate order vacating the receivership, and not the issuance of the mandate, reduced the trial court's jurisdiction to those limited orders concluding the receivership. In the present case, the trial court had no jurisdiction to conduct a continuing, ongoing receivership of Humble Exploration

Company, Inc., or its property, assets and business. The trial court had jurisdiction only to conduct the necessary proceedings to conclude the receivership; however, the trial court entered the orders provoking the application for writ of prohibition.

Accordingly, writ of prohibition shall issue as follows: The Honorable Dee Brown Walker, Judge of the 162nd Judicial District Court of Dallas County, Texas, is hereby ordered and directed, immediately upon receipt of this opinion which issues as and for the writ of prohibition, to vacate all orders of that court entered since June 18, 1982, and to absolutely desist and refrain from taking or permitting any further action or proceeding in the receivership of Humble Exploration Company, Inc., or any of its property, assets and business, which receivership was vacated by this court in its cause number 05–82–00673–CV styled *"Humble Exploration Co., Inc. v. Fairway Land Company"* by order dated June 18, 1982, and by opinion dated July 23, 1982, except as necessary to proceedings required to discharge the receiver of Humble Exploration Company, Inc., or any of its property, assets and business, which discharge proceedings the Honorable Dee Brown Walker, Judge of the 162nd Judicial District Court of Dallas County, Texas, is ordered and directed to commence forthwith.

TED Z. ROBERTSON, Justice, dissenting.

I respectfully dissent. The majority opinion clearly articulates the references upon which it relies in issuing this writ of prohibition. It is abundantly clear that the majority has determined to issue the writ of prohibition in order to prevent what it perceives to be an action of the trial court which affirmatively appears to be outside of the trial court's jurisdiction. The majority disregards the case precisely on point, *New Birmingham Iron & Land Co. v. Blevins*, 40 S.W. 829 (Tex.Civ.App.—1897, writ ref'd) and relies instead upon what it considers to be analogous cases dealing with the dissolution of temporary injunctions.

The central issue is whether the receiver is dissolved as of the date of this court's original announcement, or whether the receiver continues in force and effect until such time the mandate has been issued by this court, following the parties' applications for writ of error to the Supreme Court. In my opinion, the receiver remains in force and effect until such time as this court issues its mandate to the trial court.

The cases cited by the majority rely upon the fact that since the appeal divests the trial court of all jurisdiction over the temporary injunction, and transfers that jurisdiction to the court of appeals, the court of appeals should have the same power as the trial court originally had. That is, the court of appeals should have the authority to enter whatever orders or decrees the trial court could have entered. The right to enter an injunction carries with it the correlative right to dissolve the injunction. In those instances in which the appeal divests the trial court of jurisdiction to dissolve the injunction, it is only natural that the court of appeals, as the court which has jurisdiction, should be legally authorized to dissolve the temporary injunction.

There is no absolute statutory right to supersede the operation of a temporary injunction. Rule 385 of the Texas Rules of Civil Procedure provides that appeal from an order granting or refusing a temporary injunction shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge entering the order. *Id.* at § 385(d).

Since a party has no absolute right to supersede the entry of a temporary injunction, and since the appeal divests the trial court of jurisdiction, it is only logical that the court of appeals may enter such orders as the trial court could have entered. This includes, of course, the right to dissolve the temporary injunction notwithstanding a party's desire to file an application for rehearing or writ of error. In my opinion, however, the appointment of a receiver is more analogous to a permanent injunction than it is to a temporary injunction.

As with a permanent injunction, the party wishing to complain of the appointment of a receiver may post a supersedeas bond and thereby suspend the operation of a trial court's order appointing the receiver. The relator in this instance failed to file a supersedeas bond. Since we denied the relator's initial application for an injunction enjoining the trial court from entering further orders regarding the receiver, it is my opinion that the receiver remains in full force and effect until such time as the parties have had an opportunity to have their motions for writ of error decided by the Supreme Court, and until such time as we issue a mandate. In the words of the Supreme Court of California, a writ of prohibition "is not available where there is a plain, speedy, and adequate remedy in the ordinary course of law." *Bowles v. Superior Court of City and County of San Francisco,* 44 Cal.2d 574, 283 P.2d 704, 709 (1955).

I would deny the writ of prohibition.