**DENY; and Opinion Filed August 1, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00799-CV

### IN RE MITCHELL KAZU ASTALOS, Relator

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-52696-06**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator filed this petition for writ of mandamus requesting that this Court stay the trial court's May 1, 2014 order, issue a writ of mandamus setting aside any orders of the trial court rendered after October 19, 2013, and issue a writ of prohibition preventing the trial court from rendering further orders in this case pending appeal. The facts and issues are well known to the parties, so we do not recount them here.

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Link*, 925 S.W.2d at 596. Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no

adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004); *Walker,* 827 S.W.2d at 839. Relator has not met these requirements.

A writ of prohibition in an appellate court is a limited purpose remedy used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of an appellate court's judgment. *In re Herrera,* No. 05-14-00394-CV, 2014 WL 1477922, at *1 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding) (mem. op.). The purpose of the writ is to enable an appellate court to protect and enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding). This Court may issue a writ of prohibition: (1) to prevent interference with its jurisdiction in deciding a pending appeal; (2) to prevent a lower court from entertaining a suit that will relitigate controversies that have already been settled by the Court; and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Humble Exploration Co., Inc. v. Walker,* 641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, orig. proceeding). Relator has not demonstrated the existence of any of these prerequisites.

Relator has failed to establish that he is entitled to relief either via writ of mandamus or writ of prohibition. Accordingly, we **DENY** the petition.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140799F.P05

–2–